

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2010

# USA v. Kaminder Singh

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3984

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Kaminder Singh" (2010). *2010 Decisions.* Paper 152.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/152

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3984
_____

UNITED STATES OF AMERICA

v.

KAMINDER SINGH,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-09-cr-00454)
District Judge:  Honorable William H. Walls

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2010

Before:  BARRY, CHAGARES, and VANASKIE, Circuit Judges.

(Filed: December 6, 2010)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Appellant Kaminder Singh ("Singh") pled guilty to a two-count information and

now appeals his sentence.  We will affirm the sentence imposed by the District Court.

I.

Because we solely write for the parties, we will only briefly summarize the essential facts. Singh and his co-conspirators were involved in a scheme in which they used false identities to open credit accounts, obtained convenience checks drawn on those credit accounts, deposited the checks into fraudulently obtained checking accounts, and then withdrew cash from those checking accounts. Ultimately, the conspiracy defrauded various banks of more than $400,000.

The Government filed a criminal complaint on June 5, 2008, and Singh was arrested and detained pending trial on July 2, 2008. On July 16, 2008, Singh was released on a bond that was co-signed by his wife. Approximately one month later, Singh violated the conditions of his release and fled to Canada. He was subsequently caught, and consented to extradition. Singh reappeared in federal court on February 6, 2009, when his bail was revoked and he was remanded to custody. On June 17, 2009, Singh entered a plea of guilty to a two-count information charging him with conspiracy to commit bank fraud and identify theft, in violation of 18 U.S.C. §§ 1349, 1028(a)(7), 1028(b)(1) and 2.

The District Court sentenced Singh on September 21, 2009. After hearing argument, the District Court denied the Government's motion for a downward departure for substantial assistance under § 5K1.1 of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). The District Court ultimately adopted the Guidelines calculation set forth in the final pre-sentence report, and sentenced Singh to forty-one

months of imprisonment and three years of supervised release. The District Court also ordered Singh to pay $449,223.53 in restitution.

## II.

Singh now appeals this sentence, and raises three discrete issues.[1] We will discuss each in turn.

## A.

Singh first appeals the District Court's denial of the Government's motion for a downward departure for substantial assistance under § 5K1.1 of the Guidelines. We do not have jurisdiction to review such a denial, however, unless the District Court was unaware of its discretion to depart downward. See United States v. King, 604 F.3d 125, 141 n.9 (3d Cir. 2010); see also United States v. Vargas, 477 F.3d 94, 103 (3d Cir. 2007). In this case, the District Court was clearly aware of its discretion, see Appendix ("App.") at 103-06, 110-14, and Singh does not argue otherwise. We therefore lack jurisdiction to review Singh's challenge on this point.

## B.

Sing next argues that the District Court erroneously relied on the loss amount of over $400,000 set forth in the final version of the pre-sentence report in granting a fourteen-level increase pursuant to § 2B1.1(b)(1) of the Guidelines. Since Singh did not raise this issue below, we review the District Court's decision for plain error. See United

---

[1] The District Court possessed jurisdiction pursuant to 18 U.S.C. § 3231. Except as noted in Part II.A below, we have jurisdiction to hear Singh's appeal pursuant to 18 U.S.C. §§ 1291 and 3742(a).

3

States v. Watson, 482 F.3d 269, 274 (3d Cir. 2007); United States v. Torres, 209 F.3d 308, 311 (3d Cir. 2000).

"'[A] conclusion in the presentence investigation report which goes unchallenged by the defendant is, of course, a proper basis for sentence determination. In this respect, the report serves as a prima facie and sufficient showing of fact.'" United States v. Gibbs, 190 F.3d 188, 208 n.10 (3d Cir. 1999) (quoting United States v. McDowell, 888 F.2d 285, 290 n.1 (3d Cir. 1989)). Here, the District Court properly relied on an unchallenged loss amount set forth in the pre-sentence report. Moreover, on appeal, Singh points to no evidence or method of calculation to challenge the pre-sentence report's loss calculations. We thus see no plain error in the District Court's reliance on the pre-sentence report in granting a fourteen-level increase pursuant to § 2B1.1(b)(1) of the Guidelines.

## C.

Finally, Singh posits that the District Court erred in applying a two-level upward enhancement pursuant to § 2B1.1(b)(10)(C) of the Guidelines. "We review the District Court's application of the Guidelines to the facts for abuse of discretion." United States v. Hawes, 523 F.3d 245, 248 (3d Cir. 2008).

Section 2B1.1(b)(10)(C)(i) provides for a two-level increase "'in a case in which a means of identification of an individual other than the defendant . . . is used without that individual's authorization unlawfully to produce or obtain another means of identification.'" Id. at 251 (quoting U.S.S.G. § 2B1.1, Application Note 9(C)). Here, the District Court found that "Singh used and transferred the account information and

4

identities (names) of actual individuals to produce, and used false identification documents [] to open credit accounts. The bank account number, the drivers' licenses and credit cards are the means of identification that have been obtained unlawfully." App. 107-08. In light of the facts set forth in the undisputed pre-sentence report, we hold that the District Court did not abuse its discretion in making these findings and subsequently applying a two-level enhancement pursuant to § 2B1.1(b)(10)(C) of the Guidelines.

## III.

For the foregoing reasons, we will affirm the judgment of sentence.